IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ARTHUR D. BROWN Jr., | )( | |
| Plaintiffs, | )( | CIVIL ACTION NO.:9:13-cv-286 |
| V. | )( | PLAINTIFF'S ORIGINAL COMPLAINT |
| ANGELINA COUNTY, TEXAS; TERRY FOUNTAIN, INDIVID., and TONY GALLOWAT, INDIVID., | )( )( | JURY TRIAL |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Plaintiff ARTHUR D. BROWN Jr. complaining of Defendants ANGELINA COUNTY, TEXAS; TERRY FOUNTAIN, INDIVIDUALLY and TONY GALLOWAY, INDIVIDUALLY and will show the Court the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

2. Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Angelina County, Texas within the United States

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                 Page 1

Eastern District of Texas.

## PARTIES

3. Plaintiff Arthur D. Brown Jr. is a resident of Harris County Texas.

4. Defendant Terry Fountain, individually, is a resident of Angelina County, Texas and can be served with process at 201 Mt. Carmel, Lufkin TX 75904.

5. Defendant Tony Galloway, individually, is a resident of Angelina County, Texas and can be served with process at 2311 E. Lufkin Ave. Lufkin, Texas 75902

6. Defendant Angelina County, Texas is a government existing under the laws of the State of Texas and in the U.S. Eastern District of Texas and can be served with process by serving the County Judge Wes Suiter at the Angelina County Courthouse Annex, 606 East Lufkin Avenue, 2nd Floor, Room 202, Lufkin, Texas.

## FACTS

7. Arthur D. Brown Jr. ("Arthur") is 36 years old, held a Texas Peace Officer's license, and has never been convicted of a crime in his life.  The only arrest in his life is the false arrest made the subject matter of this lawsuit.

8. Arthur graduated from Corrigan-Camden High School in 1995.

9. Arthur served his country as a combat engineer in the United States

Army from 1996 to 1999 when he was honorably discharged.

10. After the service Arthur was a Texas Department of Public Safety Highway Patrol officer from 1999 until 2001 when he became a corrections officer. He remained a corrections officer until 2011.

11. Terry Fountain at all times relevant to this lawsuit was a detective with the Angelina County Sheriff's Office.

12. Tony Galloway, at all times relevant to this lawsuit, was a deputy with the Angelina County Sheriff's Office.

13. March, 2010 Arthur was driving with his son and wife Candace Brown when Candace threatened to throw Arthur's son out the car window. Arthur reported the incident to the ACSO, however, nothing was done. Based upon the facts Candace should had been charged with terrorist threat or other crime.

14. September, 2010 Arthur was at home with his son when his wife Candace slapped Arthur's son and hit Arthur on the back of the head with a broom, Arthur reported the incident to the ACSO, however, nothing was done. Based upon the facts Candace should have been charged at least two counts or assault or other crime.

15. November 14, 2013, Arthur was at his home in Diboll, TX with his son and wife. Candace threw a knife at Arthur's son and hit him near the eyebrow

with the knife handle. Arthur then picked up his son to leave to get him out of danger but Candace stabbed Arthur in the arm.

16. Arthur reported the aggravated assault on himself and his son to the Angelina County Sheriff's Office (ACSO), however, the ACSO did not arrest Candace. Based upon the facts Candace should have been charged with two counts of assault or other crime.

17. November 16, 2013 Arthur dropped off a full written report of the November 14, 2013, incident at the ACSO. After dropping off the report Arthur then went to his home to pick up items for his son. As Arthur opened the house door Candace scratched Arthur's hand and hit Arthur. Arthur then ran to his car and locked his doors so Candace could not get in. As Arthur was pulling away Candace jumped on the back on Arthur's car. Candace said she was going to kill Arthur.

18. Arthur stopped the car and asked Candace to please get off the car but Candace would not get off Arthur's car trunk. Arthur repeatedly asked Candace to get off the car but she would not. Arthur drove the car very slowly down the road and called 911, which was recorded, to report the incident clearly stating the facts of Candace's assault against him.

19. Around this time Candace's father arrived in a red Impala and tried to run Arthur off the road and eventually cut him off and Arthur stopped again for a

total of about 7 stops.  Candace's father had a black gun in his hand.  At this time Candace jumped off the car and landed on her feet and Arthur was able to drive away from Candace and her father.

20.	Arthur drove to nearby Lufkin on his way to the ACSO and was arrested by the Lufkin police.  Arthur was handcuffed until an ACSO's deputy arrived and took Arthur to the ACSO where he met with Detective Terry Fountain (Detective Fountain) an ACSO deputy and Tony Galloway (Supervisor Galloway) an ACSO's deputy who had supervisory duties over Detective Fountain.

21.	Despite fully explaining the facts Detective Fountain and Supervisor Galloway arrested Arthur for aggravated assault with a deadly weapon and bond was set at $100,000.  At the time of the arrest Detective Fountain and Supervisor Galloway did not have knowledge indicating there was probable cause that Arthur had committed any crime and both Detective Fountain and Supervisor Galloway knew there was no probable cause and at no time in the prosecution did either obtain nor believe there was probable cause.  Despite full knowledge of the lack of probable cause both Detective Fountain and Supervisor Galloway were aware of the false prosecution yet participated in and moved forward with the false prosecution.

22.	Arthur spent around a day in a holding cell all the while his hand was not treated and he was in great pain and Arthur was not given food or water and

the cell was cold and drafty.  Arthur spent an additional two days in jail.

23.   Because of his false arrest Arthur appeared in the local media as charged with Aggravated Assault with a Deadly Weapon which carries a sentence of up to 20 years in prison.  Many people Arthur knew saw Arthur in a new and negative light that Arthur was a dangerous criminal.  This caused Arthur great depression, anxiety, fear, loss of sleep, embarrassment and other mental anguish as well as aggravation of previous physical conditions all of which he still suffers to this day and all likelihood will suffer into the future.

24.   Arthur could not return to his job as a corrections officers making around $36,000 a year due to his false arrest and subsequent prosecution.

25.   Arthur had to show up repeatedly at the courthouse for settings or be rearrested.  Criminal defense lawyers fee's and out of pocket expenses totaled around $26,000 and after about a year and ten months and a jury trial Arthur, who is African American, was found NOT GUILTY by an ALL-WHITE JURY.

26.   Angelina County didn't train either Detective Fountain nor Supervisor Galloway adequately, nor did Angelina County have in place proper policies and procedures to prevent such arrests and prosecutions without probable cause which proximately caused the false arrest and wrongful prosecution of Arthur.  Furthermore, there is a pattern and practice in Angelina County to arrest people without probable cause and then to falsely prosecute the victims.

## Violations of the Fourth, Fifth and Fourteenth Amendments

27. Arthur D. Brown Jr. incorporates all preceding paragraphs as if set fully set forth herein.

28. The Fourth Amendments guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV and XIV.* The Fifth Amendment provides that a person not "be deprived of life, liberty…without due process of law.

29. An officer only has probable cause to arrest when he has knowledge or reasonably *trustworthy* information of facts and circumstances that are sufficient to warrant a *person of reasonable caution* in the belief that the person to be arrested has committed or is committing a crime. *Dunaway v. New York*, 442 U.S. 200, 208 n. 9, (1979).

30. Arthur established that he had his Fourth, Fifth and Fourteenth Amendment Rights violated and, furthermore, established:

(1) the commencement of a criminal prosecution for aggravated assault against him by Detective Fountain and Supervisor Galloway;

(2) causation (initiation or procurement) of the prosecution by Detective Fountain and Supervisor Galloway;

(3) termination of the prosecution in Arthur's favor;

(4) Arthur's innocence;

(5)   the absence of probable cause for the proceedings against Arthur;

(6)   malice by Detective Fountain and Supervisor Galloway in filing the charge; and

(7)   damages to Arthur.

--*Richey v. Brookshire Grocery Co*., 952 S.W.2d 515, 517 (Tex. 1997).

31.   For these actions Arthur sues under 42 U.S.C Section 1983 and 1988 and for malicious prosecution under state law.

32.   Angelina County also has customs, policies, practices, and procedures constituting deliberate indifference to Arthur's above mentioned Constitutional rights for which Arthur sues under 42 U.S.C. Section 1983 and 1988.

## MENTAL ANGUISH

33.   Arthur has suffered great mental anguish and sues all defendants thereby.

## PUNITIVE DAMAGES

34.   Arthur incorporates all preceding paragraphs as if set fully herein.

35.   Detective Fountain and Supervisor Galloway actions and inactions causes them to be liable for punitive damages as they were consciously indifferent to Arthur's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEYS' FEES

36. Arthur is entitled to recover attorneys' fees and costs to enforce her Fourth, Fifth and Fourteenth Amendment rights and under 42 U.S.C. Section 1983, 1985 and 1988, from Defendants.

## JURY TRIAL

37. Arthur requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Arthur D. Brown Jr requests that the Court:

A. Enter judgment for the plaintiff and against the defendants holding them jointly and severally liable;

B. Find that the plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against the defendants;

C. Award damages including, but not limited to, lost wages and benefits, mental anguish, physical pain and suffering, and violations of Constitutional rights to Arthur D. Brown Jr for violations of his rights under the Fourth, Fifth and Fourteenth Amendments and state malicious prosecution law;

D. Award Pre- and post-judgement interest;

E. Award Punitive damages against Detective Fountain and Supervisor Galloway: and

G. Grant such other and further relief as appears reasonable and just, to which plaintiff shows himself entitled.

RESPECTFULLY SUBMITTED
LAW OFFICE OF RANDALL L. KALLINEN

<u>/S/ Randall L. Kallinen</u>
Randall L. Kallinen
State Bar of Texas No. 00790995
Admitted, U.S. Eastern, Southern, and Western Districts
     of  Texas and Fifth U.S. Circuit Court of Appeals
511 Broadway Street
Houston, Texas 77012
Telephone:  713.320.3785
FAX:            713.893.6737
E-mail:         AttorneyKallinen@aol.com
Attorney for Plaintiff